16-3468-cr
*United States v. Pettway, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand seventeen.

PRESENT: PIERRE N. LEVAL,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellant*,

v.                                                                            16-3468-cr

TYRONE BROWN, aka TY BOOG, TYRIQ BROWN, aka REEK, QUINTON THOMPSON, aka Q, EDDIE ALLEN, aka POW POW, aka BUNDLES, MONTELL JONES, aka TELLY, TARIQ BROWN, aka REEK, aka REEK HAVICK BOOG, aka, TYRIQ BROWN, RAYMEL WEEDEN, aka RAY DEUCE, RAYSHOD WASHINGTON, aka SHODDY, DERRICK RAMOS, aka LITTLE D,
*Defendants*,

KENNETH PETTWAY, JR. aka KPJ, DEMETRIUS BLACK, DEE BLACK,

*Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                    JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* JAMES P. KENNEDY, JR., Acting United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANTS-APPELLEES:    HERBERT L. GREENMAN, Lipsitz Green Scime Cambria, LLP, Buffalo, New York (SEAN DENNIS HILL, *on the brief*, Lipsitz Green Scime Cambria, LLP, Buffalo, New York).

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the interlocutory ruling of the district court excluding evidence is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED for further proceedings.**

The government brings interlocutory appeal from the district court's pre-trial order excluding any evidence of the defendants' possession of a J.P. Sauer & Sohn .32-caliber Model 38 pistol with serial number 355206 (hereinafter, "J.P. Sauer & Sohn Pistol"). Trial has been postponed to await the resolution of this issue. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The  Fourth Superseding Indictment charges defendants Kenneth Pettway and Demetrius Black with: conspiracy to possess with intent to distribute 280 grams or more of cocaine base (Count 1); possessing unspecified firearms in furtherance of the conspiracy alleged in Count 1 (Count 2); possession on January 18, 2012 of heroin and cocaine with intent to distribute (Count 3); and possession on January 18, 2012 of two specifically described firearms in furtherance of the controlled substance offense alleged in Count 3 (Count 4). In addition, it charges Pettway, as a convicted felon, with illegal possession on January 18, 2012 of the same two specifically identified firearms that are specified in Count 4, as well as ammunition (Count 5).

2

The two guns specified in Counts 4 and 5 are described as a "J.P. Shuer & Suhl CHL 7.65 mm pistol with no serial number," and a "Smith and Wesson 9 mm model 6906 pistol, serial no. TCA6469." Count 5 also alleges that Pettway possessed "eight (8) rounds of .32 caliber ammunition and nine (9) rounds of 9 mm ammunition." According to the government, the indictment's description of the "J.P. Shuer & Suhl CHL 7.65 mm pistol with no serial number" was inaccurate. The gun in fact was a J.P. Sauer & Sohn .32 caliber Model 38 pistol with serial number 355206.

Four and a half years after filing the original indictment containing the mistaken description of the gun, during which time the government filed four superseding indictments each perpetuating the inaccurate description notwithstanding the government's awareness throughout this period of the correct description of the gun, on the eve of trial the government brought a motion asking the district court to amend the indictment to reflect the correct description of the J.P. Sauer & Sohn Pistol. In the alternative, the government asked the court to instruct the jury that a misspelling in the indictment is not fatal, or to amend the indictment by striking all reference to that pistol from Counts 4 and 5. The court denied all aspects of the motion to amend the indictment and instruct the jury. In addition, the court *sua sponte* ruled that any evidence concerning the J.P. Sauer & Sohn Pistol would be irrelevant and inadmissible and that the court would sustain an objection to introducing it.

We have no appellate jurisdiction to rule on the court's interlocutory rulings on amendment of the indictment or instructions to the jury, and the government does not ask for rulings reviewing those decisions. Only the court's ruling "excluding evidence" is subject to the government's interlocutory appeal. 18 U.S.C. § 3731.

With respect to the court's exclusion of *all evidence* of the defendants' possession of the J.P Sauer & Sohn Pistol, we think the ruling should be viewed as having two distinct parts that are subject to different considerations. First, to the extent that the government asks us to overturn the ruling that the J.P. Sauer & Sohn .32 caliber pistol with a serial number would not be admitted to prove the allegations of possession of a "J.P. Shuer & Suhl CHL 7.65 mm pistol with no serial number," giving due consideration to all the circumstances, in particular the government's inordinate delay in seeking to correct the error, and its failure in filing four superseding indictments to use any of them to correct this error, we cannot say the district court abused its discretion. Accordingly, we affirm that aspect of the court's ruling.

It does not follow, however, that the J.P. Sauer & Sohn Pistol should be excluded for all purposes, and the court gave no explanation why evidence of the defendants' possession of this pistol "would be irrelevant" if offered for other purposes than to

3

prove the explicit possession charged in Counts 4 and 5. A-107 Evidence of gun possession is routinely admitted to prove knowledge and intent with respect to narcotics charges without need for allegation in the indictment of such gun possession. *See United States v. Mercado*, 573 F.3d 138, 142 (2d Cir. 2009). The court gave no explanation why possession of the J.P. Sauer & Sohn Pistol was not relevant to proving knowledge and intent to possess and distribute narcotics as charged in Counts 1 and 3, or prove that unspecified guns were possessed in furtherance of the Count 1 narcotics offense, as charged in Count 2. As for Count 4, even though we affirm the court's ruling that the J.P. Sauer & Sohn Pistol could not be used to prove the possession of the "J.P. Shuer & Suhl" pistol, the court did not explain why it could not be received as evidence that the Smith and Wesson pistol properly named in that count was possessed in furtherance of the controlled substance offense charged in Count 3, as alleged. And with respect to Count 5, the court did not explain why Pettway's possession of a .32 pistol that is not identified in the indictment would not be relevant evidence to show that his possession of eight rounds of .32 caliber ammunition was knowing and intentional. The fact that possession of a different gun (a "J.P. Shuer & Suhl" pistol ) was charged in Counts 4 and 5, which the government will be unable to prove, did not mislead the defendants to justifiably believe that there would be no evidence of possession of a J.P. Sauer & Sohn Pistol to support these other purposes. Accordingly, to the extent the court ruled without explanation that the pistol was irrelevant for all these purposes, we vacate that ruling.

In vacating the ruling, however, we do not purport to require the district court to admit the gun for these purposes. As of yet, neither we, nor the district court, has heard full argument on whether the J.P. Sauer & Sohn Pistol should be received for such purposes. In the event the government offers the J.P. Sauer & Sohn Pistol at trial for purposes other than to prove the alleged possession of the "J.P. Shuer & Suhl" weapon charged in Counts 4 and 5, we leave it open to the district court to rule as it sees fit, noting only that, so far as we are aware, the *present* record shows no reason why the defendants would be prejudiced by such offer or why the pistol would not be relevant.

Accordingly, the judgment of the district court is **AFFIRMED IN PART and VACATED IN PART**, and the case is **REMANDED for further proceedings.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4